*Appeal No. 25-886*

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

AMAZON.COM SERVICES LLC and AMAZON LOGISTICS, INC.,

Plaintiffs-Appellants

v.

NATIONAL LABOR RELATIONS BOARD, et al.,

Defendants-Appellees

and

TEAMSTERS AMAZON NATIONAL NEGOTIATING COMMITTEE,

Intervenor

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
The Honorable Sherilyn P. Garnett
Case No. 2:24-cv-09564-SPG MAA

**Appellants' Reply Brief**

| | |
|---|---|
| Brian Stolzenbach | Giovanna Ferrari |
| SEYFARTH SHAW LLP | SEYFARTH SHAW LLP |
| 233 S. Wacker Drive | 560 Mission Street |
| Suite 8000 | Suite 3100 |
| Chicago, IL 60606-6448 | San Francisco, CA 94105-2930 |
| (312) 460-5000 | (415) 397-2823 |
| (312) 460-7000 (fax) | (415) 397-8549 (fax) |
| bstolzenbach@seyfarth.com | gferrari@seyfarth.com |

# **TABLE OF CONTENTS**

Page

INTRODUCTION ...................................................................................................1

ARGUMENT .........................................................................................................3

I.      The Norris-LaGuardia Act Does Not Bar Injunctive Relief Here, Nor Has Amazon Failed To Administratively Exhaust Its Claims. ........................3

II.     Amazon Need Not Demonstrate Any Additional Harm. ................................6

III.    Potential Severance of Unconstitutional Provisions at Final Judgment Does Not Preclude Preliminary Injunctive Relief. ..........................................9

CONCLUSION ....................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Axon Enterprises, Inc. v. Federal Trade Commission*,
  598 U.S. 175 (2023) ................................................................................... *passim*

*Barr v. Am. Ass'n of Pol. Consultants, Inc.*,
  591 U.S. 610 (2020) ............................................................................... 10, 11

*CFPB v. CashCall, Inc.*,
  35 F.4th 734 (9th Cir. 2022) ........................................................................ 7

*Chicago & N.W. Ry. Co. v. United Transp. Union*,
  402 U.S. 570 (1971) ..................................................................................... 2

*Collins v. Yellen*,
  594 U.S. 220 (2021) .................................................................................. 7, 8

*Columbia River Packers Ass'n. v. Hinton*,
  315 U.S. 143 (1942) .................................................................................. 2, 4

*Doran v. Salem Inn, Inc.*,
  422 U.S. 922 (1975) ..................................................................................... 9

*In re Focus Media, Inc.*,
  387 F.3d 1077 (9th Cir. 2004) .................................................................... 9

*Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*,
  561 U.S. 477 (2010) ............................................................................... 10, 11

*Jacksonville Bulk Terminals, Inc. v. Int'l Longshoremen's Ass'n*,
  457 U.S. 702 (1982) .................................................................................. 3, 4

*Monterey Mech. Co. v. Wilson*,
  125 F.3d 702 (9th Cir. 1997) ...................................................................... 6

*Nelson v. Nat'l Aeronautics & Space Admin.*,
  530 F.3d 865 (9th Cir. 2008), rev'd on other grounds by 562 U.S.
  134 (2011) .................................................................................................... 6

ii

*Seila Law LLC v. CFPB*,
   591 U.S. 197 (2020) ..................................................................................... 10

*Tanner Motor Livery, Ltd. v. Avis, Inc.*,
   316 F.2d 804 (9th Cir.), cert. denied, 375 U.S. 821 (1963) ........................... 9, 12

*United States v. Arthrex, Inc.*,
   594 U.S. 1 (2021) ..................................................................................... 10, 11

*United Steelworkers of America v. Bishop*,
   598 F.2d 408 (5th Cir. 1979) ........................................................................ 4, 5

*Winter v. Nat. Res. Def. Council, Inc.*,
   555 U.S. 7 (2008) ............................................................................................. 6

**Federal Statutes**

29 U.S.C. § 113 ..................................................................................................... 2

29 U.S.C. § 113(c) ................................................................................................ 2

**Constitutional Provisions**

U.S. Const. Article II, § 3 .................................................................................... 1

**Other Authorities**

Slade Mendenhall & Brian Underwood, *To Sever or Not to Sever:*
   *Mixed Guidance from the Roberts Court*, 69 Drake L. Rev. 273,
   277 (2021) ..................................................................................................... 11

iii

## INTRODUCTION

In their opposition briefs, the NLRB and TANNC attempt to turn a constitutional dispute into a labor dispute by arguing that Amazon's request for preliminary injunction is barred by the Norris-LaGuardia Act ("NLGA") because Amazon's constitutional claims "grow out of a labor dispute" and also claim that subjection to an administrative proceeding before an unconstitutionally structured federal agency is not sufficient harm for the injunctive relief Amazon seeks. Neither is true.

The NLGA is not applicable to this case because Amazon's claims are solely against the National Labor Relations Board ("NLRB"). This case simply does not fit within the NLGA's statutory framework where the matrix of the underlying controversy is unrelated to an employer-employee relationship but focuses only on the unconstitutional structure of a federal agency. The NLRB and TANNC also argue that Amazon has not demonstrated "causal harm" to be entitled to injunctive relief, but this is inconsistent with the Supreme Court's decision in *Axon* establishing that subjection to unconstitutional agency authority causes harm as a here-and-now injury.

The current structure of the NLRB encroaches upon the President's constitutional mandate to "take Care that the Laws be faithfully executed." U.S. Const. Art. II, § 3. This unconstitutional administrative hearing is scheduled to

1

begin on July 8, and without an injunction, Amazon will be forced to suffer the here-and-now harm of an administrative agency proceeding overseen by agency officers who are unconstitutionally protected from removal by the President of the United States.

Amazon's request for preliminary injunction here is particularly warranted given the Supreme Court's consideration of a case that will squarely address the constitutional claims asserted by Amazon. Former NLRB Board Member Gwynne Wilcox's challenge to her termination by the President of the United States was appealed to the Supreme Court on April 9, 2025. *Trump v. Wilcox*, Case No. 24A966, at Document 1. The Supreme Court promptly stayed that case pending further order from the Court. *Trump v. Wilcox*, Case No. 24A966, 2025 U.S. LEXIS 1453, *1 (April 9, 2025). Now that the Supreme Court is set to resolve the claims asserted in *Trump v. Wilcox*, this will inevitably bring resolution to Amazon's underlying constitutional claims, such that, at a minimum, an injunction should be issued pending a decision by the Supreme Court. Accordingly, and because of the legal errors committed by the District Court, the District Court's denial of preliminary injunction should be reversed.

# ARGUMENT

## I. The Norris-LaGuardia Act Does Not Bar Injunctive Relief Here, Nor Has Amazon Failed To Administratively Exhaust Its Claims.

Echoing the decision from the District Court, TANNC and the NLRB insist that the NLGA prohibits courts from issuing an injunction in this lawsuit. TANNC Br. at 26-31; NLRB Br. at 24-31. But the NLGA is not applicable here because Amazon's legal challenges are only to the constitutionality of the removal protections enjoyed by NLRB Board Members and NLRB Administrative Law Judges ("ALJs") and do not implicate the NLGA's "basic policy against the injunction of activities of labor unions." *Chicago & N.W. Ry. Co. v. United Transp. Union*, 402 U.S. 570, 581 (1971).

By the NLGA's terms, its application is limited to cases that "involve or . . . grow out of a labor dispute." 29 U.S.C. § 113. A "labor dispute" is defined by the statute to "include[ ] any controversy . . . concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment." 29 U.S.C. § 113(c). Accordingly, the NLGA is not applicable in "controversies upon which the employer-employee relationship has no bearing." *Columbia River Packers Ass'n. v. Hinton*, 315 U.S. 143, 147 (1942). This is because the NLGA applies only when "the employer-employee relationship [is] the matrix of the controversy," such as when "the Employer and the Union representing its employees are the disputants, and their

3

dispute concerns the interpretation of the labor contract that defines their relationship." *Jacksonville Bulk Terminals, Inc. v. Int'l Longshoremen's Ass'n*, 457 U.S. 702, 712-13 (1982).

The NLRB and TANNC broaden their focus to finding a link between Amazon's claims and any activity that *could* evoke the NLGA. More specifically, they assert that *because* TANNC filed an administrative charge with the NLRB alleging it was entitled to represent certain employees for purposes of collective bargaining, *which caused* the NLRB to issue a complaint, *and then* Amazon separately filed a complaint in federal court challenging the constitutional structure of the NLRB (that did not even name TANNC as a party), this case falls under the NLGA's statutory framework. NLRB Br. at 24-25; TANNC Br. at 26-27.

While the NLGA has broad application, shoehorning the current case into the framework of the NLGA simply because a charge led to the NLRB's issuance of a complaint which then sparked the instant lawsuit is a bridge too far. The Supreme Court has made clear that the "***critical element*** in determining whether the provisions of the Norris-LaGuardia Act apply is whether the employer-employee relationship [is] the matrix of the controversy." *Jacksonville Bulk Terminals*, 457 U.S. at 712–13 (citing *Columbia River Packers Ass'n v. Hinton*, 315 U.S. 143, 147 (1942)) (emphasis added). And, as Amazon has argued, this controversy is not between an employer and employee nor an employer and a union, but this dispute

4

is between Amazon and the NLRB and centers on the question of whether the NLRB's administrative proceedings are constitutional. Accordingly, the matrix of the controversy is not centered on any employer-employee relationship and, as a result, does not bring this case within the NLGA's statutory framework.

Further demonstrating that the controversy is solely between the NLRB and Amazon is the fact that there is no employment relationship between Battle Tested Strategies and Amazon and that TANNC was not named as a party to the lawsuit. The NLRB and TANNC both rely on *United Steelworkers of America v. Bishop*, 598 F.2d 408 (5th Cir. 1979), for the proposition that not naming a union as a party to the lawsuit has no bearing on whether the case grew out of a labor dispute. NLRB Br. 28-29; TANNC Br. at 29-30. This is not persuasive because, in that case, "the only reason court aid was sought through replevin was [a] strike and that the injunction was issued for the precise purpose of negating the effect of the strike and the picket line." *Id*. at 410. Amazon's request for injunctive relief does not have the "precise purpose of negating the effect of [a] strike" but to halt unconstitutional administrative proceedings. Accordingly, the Fifth Circuit's decision in *Bishop* is immaterial to the injunctive relief Amazon seeks here.

Separately, the NLRB advances an argument that the Court is barred from granting Amazon injunctive relief because Amazon failed to exhaust an administrative avenue to resolve the controversy by not taking its claim through

5

the NLRB's unfair labor practice proceedings. NLRB Br. at 31-32. According to the NLRB, "Amazon's position appears to be that it is entitled to an injunction against the operation of the very obligation[s] imposed by law it is jurisdictionally obligated to exhaust prior to seeking injunctive relief." NLRB Br. at 32 (internal quotations omitted). The NLRB's argument is illogical on its face. The NLRB argues that Amazon's only lawful route to obtaining an injunction against an unconstitutional administrative proceeding before this federal agency is to submit to administrative proceedings before *the same* federal agency Amazon claims is unconstitutionally structured. The NLRB offered no legal support that such administrative exhaustion is required to obtain injunctive relief because none exists.

Amazon has not failed to exhaust its claims, and the NLGA does not prohibit injunctive relief in a case centered on constitutional issues. The District Court's denial of Amazon's motion should be reversed.

## II. Amazon Need Not Demonstrate Any Additional Harm.

The NLRB and TANNC incorrectly argue that Amazon has not demonstrated "causal harm" to be entitled to preliminary injunctive relief. To obtain a preliminary injunction, Amazon must show that it "is likely to suffer irreparable harm in the absence of preliminary relief." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). In *Axon Enterprises, Inc. v. Federal Trade Commission*, 598

6

U.S. 175, 191 (2023), the Supreme Court was clear that there is "harm" in "'being subjected' to 'unconstitutional agency authority'—'a proceeding by an unaccountable [administrative official]'" and it is a "here-and-now injury." 598 U.S. at 191. Here, like in *Axon*, if the "illegitimate proceeding before an illegitimate decisionmaker" goes forward, "structural constitutional claims [will] come too late to be meaningful." *Id.* at 191-92. The Ninth Circuit has adopted the same standard; consequently, Amazon has demonstrated that it will suffer irreparable harm if the administrative proceeding is permitted to go forward. *See Nelson v. Nat'l Aeronautics & Space Admin.*, 530 F.3d 865, 882 (9th Cir. 2008), rev'd on other grounds by 562 U.S. 134 (2011) (citing *Monterey Mech. Co. v. Wilson*, 125 F.3d 702, 715 (9th Cir. 1997)) (finding that "constitutional violations cannot be adequately remedied through damages and therefore generally constitute irreparable harm").

 The NLRB and TANNC quickly disregard the Supreme Court's decision in *Axon* and, instead, rely heavily on *Collins v. Yellen*, 594 U.S. 220 (2021), in claiming Amazon must demonstrate that but for the removal protections for NLRB Board Members and NLRB ALJs, the President would have attempted to remove those officials and that the inability to remove them has a causal nexus with the specific agency action. TANNC Br. 34; NLRB Br. 34-35. This reliance is misplaced not only based on the Supreme Court's subsequent decision in *Axon* as

7

described above, but also because *Collins* addressed a materially different circumstance than Amazon's claims here.

In *Collins*, the court considered challenges to invalidate *past* administrative action based on improper removal restrictions, not a request to prevent unconstitutional administrative proceedings from taking place. *Collins*, 594 U.S. at 257; NLRB Br. at 34 ("Supreme Court refused to *void actions* taken by the Federal Housing Finance Agency based on unconstitutional removal restrictions.") (emphasis added). Like *Collins*, the Ninth Circuit in *CFPB v. CashCall, Inc.*, 35 F.4th 734, 742 (9th Cir. 2022), also confronted challenges to *past* agency actions, holding, "at a minimum, the party challenging an agency's *past actions* must…show how the unconstitutional removal provision actually harmed the party." (cleaned up) (emphasis added).

Amazon is not seeking to void past action taken by the NLRB, but to stop an "illegitimate proceeding before an illegitimate decisionmaker" before the "proceeding . . . cannot be undone." *Axon*, 598 U.S. at 191. In *Axon*, the Supreme Court recognized the distinction between challenging a *decision* made by an unconstitutionally structured agency and challenging the here-and-now injury of being subjected to an unconstitutionally structured decision-making process. *Id*. at 192. ("Axon . . . protest[s] the 'here-and-now' injury of subjection to an unconstitutionally structured decisionmaking process . . . irrespective of its

8

outcome, or of other decisions made within it.") Thus, the "causal harm" standard articulated by *Collins* addressing challenges to *decisions* made by an unconstitutionally structured agency does not apply to the irreparable harm Amazon will suffer here in being subject to an illegitimate decision making process due to the unconstitutional structure of the NLRB. Accordingly, Amazon has demonstrated it will suffer irreparable harm without an order enjoining the administrative proceeding scheduled to commence on July 8.

### III. Potential Severance of Unconstitutional Provisions at Final Judgment Does Not Preclude Preliminary Injunctive Relief.

The NLRB and TANNC argue that injunctive relief is unavailable because severing any unconstitutional removal restrictions is the only appropriate remedy. NLRB Br. at 49-52; TANNC Br. at 42-46. While severance may be a proper final remedy, such ultimate relief does not and cannot protect Amazon from the "here-and-now injury" of being subjected to the impending unconstitutional administrative proceeding. *See Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975) ("prior to final judgment there is no established declaratory remedy comparable to a preliminary injunction; unless preliminary relief is available upon a proper showing, plaintiffs in some situations may suffer unnecessary and substantial irreparable harm"); *Axon* 598 U.S. at 191 ("a proceeding by an unaccountable [administrative official]" is a "here-and-now injury").

9

Unlike the final relief offered by severability, a preliminary injunction preserves the status quo and prevents parties from suffering irreparable losses before judgment. *See Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 808-09 (9th Cir.), cert. denied, 375 U.S. 821 (1963) ("A preliminary injunction, of course, is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment"); *In re Focus Media, Inc.*, 387 F.3d 1077, 1084-85 (9th Cir. 2004) (granting a preliminary injunction is appropriate "to preserve the status quo pending judgment").

The NLRB and TANNC's suggestion that severance is the appropriate final remedy on Amazon's claims has no bearing on Amazon's request for preliminary injunction because, without such an injunction, Amazon will suffer the irreparable harm of being subjected to the impending unconstitutional administrative proceedings. If severance is indeed the appropriate remedy, that declaration would not take place until final judgment. By that time, Amazon's irreparable harm "cannot be undone" because the "judicial review . . . would come too late to be meaningful." *Axon* 598 U.S. at 191-92; *see also Free Enter. Fund,* 561 U.S. at 508–10, 513 (concluding that "unconstitutional tenure provisions [we]re severable" but the petitioners were "entitled to declaratory relief sufficient to ensure that the reporting requirements and auditing standards to which they are subject will be enforced only by a constitutional agency accountable to the Executive").

10

If the administrative proceeding is not enjoined, Amazon will almost certainly suffer that irreparable harm before any final judgment on the constitutionality of the NLRB Board Members and NLRB ALJ's removal protections. Accordingly, denying Amazon's request for a preliminary injunction on the premise that severability is the appropriate final remedy undermines the purpose of such injunctive relief.

Indeed, cases cited by the NLRB and TANNC support the notion that severability may be an appropriate final remedy, not a barrier to injunctive relief. In *Seila Law*, *Free Enterprise Fund*, *Barr*, and *Arthrex, Inc*., the Court considered the severability of unconstitutional removal protections after a final determination was made on the constitutionality of the legislation challenged in those cases. *Seila Law LLC v. CFPB*, 591 U.S. 197, 232 (2020) ("Having concluded that the CFPB's leadership by a single independent Director violates the separation of powers, we now turn to the appropriate remedy."); *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 508-10 (2010); *Barr v. Am. Ass'n of Pol. Consultants, Inc*., 591 U.S. 610, 621 (2020) (engaging in the severability analysis after concluding the legislation at issue was unconstitutional) ("Having concluded that the [legislation] created an unconstitutional exception . . . we must decide whether to invalidate [legislation], or instead to invalidate and sever the [legislation]); *United States v. Arthrex, Inc.*, 594 U.S. 1, 23–44 (2021) (turning to the issue of

11

severability only after rendering final determination that removal restrictions violated Appointments Clause); *see also* Slade Mendenhall & Brian Underwood, *To Sever or Not to Sever: Mixed Guidance from the Roberts Court*, 69 Drake L. Rev. 273, 277 (2021) ("Ultimately, though, questions of severability only arise after a court is persuaded that some statutory provision is constitutionally invalid.").

Because the analysis on severability occurs after a determination on the merits, any relief to Amazon would come too late to be meaningful. Should a court ultimately determine that the removal protections for NLRB Board Members and NLRB ALJs are unconstitutional, Amazon, in all likelihood, will have already been subjected to an "illegitimate proceeding before an illegitimate decisionmaker." *Axon*, 598 U.S. at 191. The Supreme Court is now poised to resolve the constitutional claims asserted by Amazon in *Wilcox v. Trump*. If injunctive relief is granted, it will allow the Supreme Court to answer these critical questions before Amazon is subjected to an administrative proceeding before an unconstitutionally structured federal agency. Therefore, preliminary injunctive relief is appropriate to "preserv[e] the status quo and prevent[] the irreparable loss of rights before judgment." *Tanner Motor Livery, Ltd.* 316 F.2d at 808-09.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Amazon's Opening Brief, the Court should reverse the District Court's denial of the preliminary injunction and remand with instructions to enter a preliminary injunction.

DATED: April 29, 2025              Respectfully submitted,

                                                   SEYFARTH SHAW LLP

                                                   By:  /s/ Brian Stolzenbach

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

**9th Cir. Case Number(s):** 25-886

[x] I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

[ ] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

[ ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** (required for all documents)**:**

Appellants' Reply Brief

**Signature:** /s/ Brian Stolzenbach           **Date:** April 29, 2025

A-1

317364250v.4