*Appeal No. 25-886*

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

AMAZON.COM SERVICES LLC and AMAZON LOGISTICS, INC.,

Plaintiffs-Appellants

v.

NATIONAL LABOR RELATIONS BOARD, et al.,

Defendants-Appellees

and

TEAMSTERS AMAZON NATIONAL NEGOTIATING COMMITTEE,

Intervenor

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
THE HONORABLE SHERILYN P. GARNETT
CASE NO. 2:24-CV-09564-SPG MAA

**APPELLANT'S SECOND EMERGENCY MOTION UNDER CIRCUIT
RULE 27-3 FOR STAY PENDING APPEAL**

**RELIEF NEEDED BY SEPTEMBER 11, 2025**

Brian Stolzenbach
SEYFARTH SHAW LLP
233 S. Wacker Drive
Suite 8000
Chicago, IL 60606-6448
(312) 460-5000
(312) 460-7000 (fax)
bstolzenbach@seyfarth.com

Giovanna Ferrari
SEYFARTH SHAW LLP
560 Mission Street
Suite 3100
San Francisco, CA 94105-2930
(415) 397-2823
(415) 397-8549 (fax)
gferrari@seyfarth.com

## CIRCUIT RULE 27-3 CERTIFICATE

The undersigned counsel certifies that the following information is the

information required by Circuit Rule 27-3:

**(1) Telephone numbers and addresses of the attorneys for the parties**

*Counsel for Appellants:*
Giovanna A. Ferrari (gferrari@seyfarth.com)
Seyfarth Shaw LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105
(415) 397-2823

Brian M. Stolzenbach (bstolzenbach@seyfarth.com)
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606
(312) 460-5000

Kamran Mirrafati (kmirrafati@seyfarth.com)
Seyfarth Shaw LLP
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021
(310) 201-5290

*Counsel for Appellees:*
Paul A. Thomas, IV (paul.thomas@nlrb.gov)
National Labor Relations Board
1015 Half St SE, 4th Floor
Washington, DC 20003
(202) 273-3788

David P. Boehm (david.boehm@nlrb.gov)
National Labor Relations Board
1015 Half St SE, 4th Floor
Washington, DC 20003
(202) 273-4202

Grace L. Pezzella (grace.pezzella@nlrb.gov)
National Labor Relations Board
1015 Half St SE, 4th Floor
Washington, DC 20003
(202) 273-0247

James P. Kirwan (james.kirwan@nlrb.gov)
National Labor Relations Board
1015 Half St SE, 4th Floor
Washington, DC 20003
(202) 273-3837

Lynn Ta (lynn.ta@nlrb.gov)
National Labor Relations Board, Region 31
11500 West Olympic Boulevard, Suite 600
Los Angeles, CA 90064
(310) 235-7317

Michael S. Dale (michael.dale@nlrb.gov)
National Labor Relations Board
1015 Half St SE, 4th Floor
Washington, DC 20003
(202) 208-3000

*Counsel for Intervenor:*
Julie Gutman Dickinson (jgd@bushgottlieb.com)
Bush Gottlieb ALC
801 North Brand Boulevard, Suite 950
Glendale, CA 91203
(818) 973-3200

David O. Suetholz (dsuetholz@teamster.org)
International Brotherhood of Teamsters
25 Louisiana Avenue NW
Washington, DC 20001
(202) 624-6847

Willie J. Burden, Jr. (wburden@teamster.org)
International Brotherhood of Teamsters
25 Louisiana Avenue NW

Washington, DC 20001
(202) 624-6951

**(2) Facts showing the existence and nature of the emergency**

As set forth more fully in the motion, absent this Court's intervention, on September 12, 2025, Amazon will be subjected to requirements of an administrative proceeding that will be overseen by agency officials who are unconstitutionally insulated from removal by the President in violation of Article II of the United States Constitution. The district court's decision to deny Amazon's request for injunctive relief pending resolution of Amazon's underlying claims as to the National Labor Relations Board's unconstitutional structure rests on serious errors of law. If the administrative proceeding is permitted to go forward, Amazon will face irreparable harm and resolution of its constitutional claims will come too late to be meaningful.

**(3) When and how counsel notified**

The undersigned counsel notified counsel for Defendants by email on September 4, 2025, of Amazon's intent to file this motion and its substance. The other parties oppose the relief requested herein. Service will be effected by electronic service through the CM/ECF system.

**(4) Submissions to the district court**

Amazon requested a stay from the district court, which the district court denied in an order entered on June 10, 2025.

4

**(5) Decision requested by**

The unconstitutional administrative proceeding is scheduled to commence on September 22, 2025, and Amazon is required to respond to a subpoena duces tecum from the National Labor Relations Board's Acting General Counsel on September 12, 2025. Accordingly, a decision on the motion is requested as soon as is possible, but by no later than September 11, 2025.

DATED:  September 5, 2025                  Respectfully submitted,

                                          SEYFARTH SHAW LLP


                                          By:  */s/ Kamran Mirrafati*
                                          Brian Stolzenbach
                                          bstolzenbach@seyfarth.com
                                          SEYFARTH SHAW LLP
                                          233 S. Wacker Dr., Suite 8000
                                          Chicago, IL 60606
                                          Telephone: (312) 460-5000
                                          Facsimile: (312) 460-7551

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION AND FACTUAL BACKGROUND ...........................................2

ARGUMENT ...................................................................................................8

I.      Legal Standard. ..................................................................................8

II.     Amazon Is Likely To Succeed on the Merits of Its Claims and Will Suffer Irreparable Harm Without the Requested Relief. ..................8

        A.     The District Court Erred in Denying Injunctive Relief Based Upon the NLGA. ...............................................................9

        B.     The District Court Erred in Holding That Amazon Would Not Suffer Irreparable Harm. ....................................................10

        C.     The Supreme Court's Order in *Wilcox v. Trump* Supports Amazon's Requested Relief. ...............................................13

III.    The Balance of Harms and Public Interest Favor a Stay. ..............14

CONCLUSION ...............................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alliance for Wild Rockies v. Cottrell*,
  632 F.3d 1127 (9th Cir. 2011) ...............................................................8

*Axon Enterprises, Inc. v. Federal Trade Commission*,
  598 U.S. 175 (2023)....................................................................11, 12

*Baird v. Bonta*,
  81 F.4th 1036 (9th Cir. 2023) ............................................................15

*Collins v. Yellen*,
  594 U.S. 220 (2021)..............................................................5, 12, 14

*Columbia River Packers Ass'n. v. Hinton*,
  315 U.S. 143 (1942)............................................................................9

*Cuviello v. City of Vallejo*,
  944 F.3d 816 (9th Cir. 2019) ..............................................................15

*Energy Transfer, LP, et al. v. NLRB*,
  742 F. Supp. 3d 755(S.D. Tex. July 29, 2024) ............................11, 12

*Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*,
  561 U.S. 477 (2010).........................................................................16

*Lair v. Bullock*,
  697 F.3d 1200 (9th Cir. 2012) ............................................................8

*League of Women Voters of U.S. v. Newby*,
  838 F.3d 1 (D.C. Cir. 2016)................................................................15

*Nelson v. Nat'l Aeronautics & Space Admin.*,
  530 F.3d 865 (9th Cir. 2008), *rev'd on other grounds*, 562 U.S.
  134 (2011)........................................................................................15

*Nken v. Holder*,
  556 U.S. 418 (2009)......................................................................8, 15

vii

*Space Expl. Technologies Corp. v. NLRB*,
    741 F.Supp.3d 630 (W.D. Tex. 2024) ................................................11

*Space Expl. Techs. Corp. v. NLRB*,
    — F.4th —, 2025 WL 2396748 (5th Cir. Aug. 19, 2025).........................*passim*

*Trump v. Wilcox*,
    145 S.Ct. 1415, 605 U.S. ____, 2025 WL 1464804 (May 22, 2025)..........*passim*

*Wilcox v. Trump*,
    775 F. Supp. 3d 215 (D.D.C. 2025)......................................................9

*Wilcox v. Trump*,
    Case No. 1:25-cv-00334-BAH (D.D.C.) ......................................6, 9, 13

**Statutes**

29 U.S.C. § 107...............................................................................9

29 U.S.C. § 153(a) ........................................................................6, 9

Norris-LaGuardia Act .............................................................*passim*

**Other Authorities**

Fed. R. App. P. 8(a)(1)(c) ...............................................................4

Fed. R. App. P. 8(a)(2)(A)(ii) ..........................................................1

U.S. Constitution
    Article II...............................................................................2, 6, 9, 13

Plaintiff-Appellants Amazon.com Services LLC and Amazon Logistics, Inc. (together, "Amazon") respectfully move the Court pursuant to Fed. R. App. P. 8(a)(2)(A)(ii) for a stay, pending appeal, of the administrative hearing scheduled to take place before an Administrative Law Judge ("ALJ") of the National Labor Relations Board ("Board" or "NLRB") on September 22, 2025, in Los Angeles, California, in NLRB Case Nos. 31-CA-317349, 31-CA-319781, 31-CA-320596 (the "hearing") as well as Amazon's required response to a subpoena duces tecum from the NLRB's Acting General Counsel due on September 12, 2025.

The hearing was scheduled to commence on July 8, 2025, and Amazon submitted an emergency motion on June 16, 2025, requesting this Court intervene to stay the hearing pending appeal. (Dkt. 36). While Amazon's motion was under this Court's consideration, the hearing was rescheduled to commence on September 22, 2025, along with Amazon's response to a subpoena duces tecum due on September 12, 2025. (Dkt. 39). Based on this development, Amazon intended to withdraw its emergency motion, recognizing no exigency remained. Before Amazon withdrew its motion, however, this Court issued an Order denying the same. (Dkt. 40). The Order provided no explanation for denying Amazon's motion, but the rescheduled hearing date removed Amazon's temporal need for emergency relief. That is no longer the case. Amazon again faces an impending,

unconstitutional administrative proceeding and, in support of this motion, states as follows:

## INTRODUCTION AND FACTUAL BACKGROUND

This appeal presents a fundamental constitutional question: whether Amazon can be compelled to litigate before an agency whose officials are unconstitutionally insulated from presidential removal. Forcing Amazon into such a proceeding would inflict an immediate and irreparable injury that no later remedy can cure. Two key developments underscore why a stay is imperative:

- Just weeks ago, the Fifth Circuit held that (i) the Norris-LaGuardia Act ("NLGA") does not bar structural constitutional challenges, and (ii) being forced into an unconstitutional proceeding constitutes irreparable harm. *Space Expl. Techs. Corp. v. NLRB*, — F.4th —, 2025 WL 2396748 (5th Cir. Aug. 19, 2025) ("*SpaceX*"). There is no meaningful way to distinguish *SpaceX* from this case, and this Court cannot reject the Fifth Circuit's holding without creating a circuit split.

- The Supreme Court has already stayed an injunction involving the same removal protections at issue here, signaling that these protections likely violate Article II. *Trump v. Wilcox*, 145 S.Ct. 1415, 605 U.S. ____, 2025 WL 1464804 (May 22, 2025). A stay here is warranted because a full resolution by the Supreme Court is imminent.

2

The urgency is real. Unless this Court intervenes, Amazon must respond to a subpoena by September 12, 2025, and appear at an administrative hearing on September 22, 2025, both in the context of an unconstitutional proceeding. These injuries cannot later be undone. This Court should grant a stay pending appeal—or, at minimum, a short postponement to allow full consideration of these issues.

The following are the key facts and proceedings leading up to this Motion. On September 30, 2024, former NLRB General Counsel Jennifer Abruzzo issued and served Amazon with a consolidated complaint and notice of hearing that has since been rescheduled to commence on September 22, 2025, in Los Angeles, California. (ER-55-68; Dkt. 39). On November 15, 2024, Amazon filed a motion for preliminary injunction at the district court to halt the administrative proceeding pending a final decision on the merits of its claims (ER-33), but the district court erroneously denied Amazon's request on February 5, 2025. (ER-13-30). Specifically, the district court erred as a matter of law in determining (i) that Amazon's request for preliminary injunction was jurisdictionally barred by the NLGA and (ii) that Amazon failed to demonstrate irreparable harm warranting the requested relief because it did not identify a "specific harm" caused by the unconstitutionally structured federal agency. *Id.*

As further detailed in Amazon's Opening Brief (Dkt. 16), Reply Brief (Dkt. 30), and below, the NLGA applies only when the employer-employee relationship

3

is the matrix of the controversy. Amazon's challenge to the Board's constitutional structure, therefore, does not fall within the NLGA's limited jurisdiction. Additionally, the "specific harm" standard relied upon by the district court applies only to retrospective relief from agency actions, not where, like here, a party is requesting prospective relief to prevent the ongoing harm caused by an unconstitutionally structured administrative process. Accordingly, Amazon appealed the district court's decision to this Court (ER-69-73), and then filed a motion pursuant to Fed. R. App. P. 8(a)(1)(c) at the district court seeking an injunction pending its appeal. Amazon's motion was denied by the district court on June 10, 2025. (Dkt. 36 at Exhibit A).

On August 19, 2025, the Fifth Circuit issued a decision in *SpaceX* addressing these two issues in line with Amazon's arguments when presented with the same legal questions. The Fifth Circuit specifically held that a challenge to the NLRB's structure falls outside the NLGA's jurisdiction and any argument to the contrary "stretches the statutory text too far" because a challenge to the structure of the Board and the removal protections of its officers is a "structural claim [that] does not 'grow out' of a labor dispute." *SpaceX*, — F.4th —, 2025 WL 2396748 at *5.

The Fifth Circuit also held that proceeding before an unconstitutionally structured federal agency constitutes irreparable harm. In *SpaceX*, as the district court did here, the NLRB "lean[ed] heavily on the Supreme Court's decision in

4

*Collins v. Yellen* to argue that the Employers' harms are not irreparable." *Id.* at *12. But the Fifth Circuit distinguished the type of relief sought in *Collins* from the relief Amazon seeks, noting "Collins governs retrospective relief from final agency action", and that "[t]he [plaintiffs] here seek no such thing…. the proceeding is the injury. The harm is not downstream from the process—it is the process." *Id.* at *13. Thus, "once an unconstitutional proceeding begins, the damage is done…. No further showing…is required. Waiting until the end would be no remedy at all." *Id.* (footnote omitted).

Consequently, a stay of the administrative proceeding is requested because (i) Amazon is highly likely to succeed on its appeal, (ii) Amazon will suffer irreparable harm if it is subjected to the here-and-now injury of proceeding before unconstitutionally structured agency authority, (iii) there is no cognizable harm against the Defendants from stopping the perpetuation of unlawful agency action, and (iv) Amazon's high likelihood of success on the merits of its claims where the government is a defendant is a strong indicator that a stay will serve the public interest.

The foregoing is more than sufficient to warrant a stay, but there are other compelling reasons why a stay is appropriate here. The legal issues presented by Amazon's constitutional claims are now squarely before the United States Supreme Court in *Trump v. Wilcox*. There, former NLRB Board Member Gwynne Wilcox

brought suit against the President and NLRB Chairman Marvin Kaplan challenging the President's decision to remove her from office. *Wilcox v. Trump*, Case No. 1:25-cv-00334-BAH (D.D.C.) at ECF 1 (Complaint). *Wilcox* presents the same legal question as presented by Amazon here, whether the NLRB Members' removal protections in 29 U.S.C. § 153(a) are compatible with the U.S. Constitution.

The *Wilcox* action has expeditiously moved to the United States Supreme Court, and the Supreme Court has now stayed the District Court for the District of Columbia's order enjoining the President's removal of Wilcox pending full briefing and argument on the merits of the claim. *Trump v. Wilcox*, 145 S.Ct. 1415, 605 U.S. ___, 2025 WL 1464804 (May 22, 2025). In short, the merits of Amazon's underlying claim are set for resolution, and the Supreme Court specifically stayed the District Court for the District of Columbia's order because "the stay reflects our judgment that the Government is likely to show that . . . the NLRB . . . exercise[s] considerable executive power."[1] *Id.*

---

[1] The Fifth Circuit concluded that the Supreme Court's stay of an injunction barring President Trump from removing NLRB Board Member Gwynne Wilcox "reinforces our conclusion that Board Members' insulation from presidential removal likely violates Article II." *SpaceX*, — F.4th —, 2025 WL 2396748 at *10. As discussed below, while, in effect, the President has been temporarily permitted to lawfully execute his Article II powers related to the removal of executive branch officers at the NLRB, this case has not been decided on its merits. Thus, this temporary reality should not preclude injunctive relief until a final determination has been made.

Additionally, this Court has now ordered supplemental briefing on the jurisdictional issue based on the Fifth Circuit's decision in *SpaceX*. (Dkt. 54). That briefing is due just 10 days before the administrative proceeding is scheduled to commence, and is due on the very same day Amazon is required to produce documents in that proceeding pursuant to a subpoena duces tecum.

For all these reasons, Amazon respectfully requests the Court stay the hearing during the pendency of this appeal to give the Supreme Court time to resolve Amazon's underlying constitutional challenges to the NLRB's structure. In the alternative, Amazon requests a more limited injunction that would postpone the hearing for a brief period sufficient to allow the Court to consider the supplemental briefing the Court has requested. Doing so will not delay the proceedings in any material way as the hearing will not conclude until after the new year.[2] Amazon requests the Court provide such relief by September 11, 2025, to prevent Amazon from the impending irreparable harm of subjection to unconstitutional agency authority.

---

[2] Although the hearing was initially scheduled to conclude by October of 2025, on August 28, 2025, the Administrative Law Judge set to oversee the hearing notified the parties that the hearing dates scheduled after September must be rescheduled due to funding lapses at the NLRB caused by the hearing continuing across the NLRB's fiscal year (Exhibit A). The parties are working towards identifying additional dates to finish the hearing. As it stands, the parties will not be able to reconvene and complete the hearing until after the new year. *Id*.

7

## ARGUMENT

### I.    Legal Standard.

In ruling on a motion to stay pending appeal, this Court balances: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434, (2009); *see also Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132, 1135-39 (9th Cir. 2011). The first two factors "are the most critical." *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012) (internal quotation marks omitted). The first factor "does not require the petitioners to show that it is more likely than not that they will win on the merits"; instead, they must show that, at a minimum, "there is a substantial case for relief on the merits." *Id.*

### II.   Amazon Is Likely to Succeed on the Merits of Its Claims and Will Suffer Irreparable Harm Without the Requested Relief.

For all the reasons set forth in its Opening Brief and Reply Brief, Amazon is likely to succeed on the merits and, in turn, has more than satisfied the Ninth Circuit's standard for a stay pending appeal to demonstrate there is a substantial case for relief on the merits.

**A.     The District Court Erred in Denying Injunctive Relief Based Upon the NLGA.**

First, the district court erred in ruling that Amazon's request for injunctive relief was jurisdictionally barred by the NLGA. The NLGA bars injunctions in cases "involving or growing out of any labor dispute," 29 U.S.C. § 107, but its jurisdiction does not "include controversies upon which the employer-employee relationship has no bearing." *Columbia River Packers Ass'n. v. Hinton*, 315 U.S. 143, 147 (1942). Amazon's claims regarding the constitutional structure of the NLRB does not center on the employer-employee relationship; rather, the dispute is solely between Amazon and the NLRB and, therefore, is not within the NLGA's limited scope.

The limited jurisdiction of the NLGA is exemplified by former NLRB Board Member Wilcox's action challenging her removal from office by the President of the United States. Wilcox's challenge raises the same legal question Amazon raised at the district court—whether the NLRB Members' removal protections in 29 U.S.C. § 153(a) are compatible with the U.S. Constitution. *See Wilcox v. Trump*, Case No. 1:25-cv-00334-BAH (D.D.C.) at ECF 1 (Complaint). Wilcox requested and received an injunction in that case, demonstrating the NLGA is not applicable, and that the statute does not preclude Amazon from the injunctive relief it requested. *See Wilcox v. Trump*, 775 F. Supp. 3d 215 (D.D.C. 2025).

The Fifth Circuit has now delivered a decisive ruling on this precise issue, unequivocally holding that a challenge to the NLRB's structure and the removal protections of its officers falls outside of the NLGA's jurisdiction. This ruling further bolsters Amazon's position in this case. As the Fifth Circuit explained, in passing the NLGA, "Congress was not aiming to bar constitutional challenges to agency structure; it was targeting judicial overreach against employees." *SpaceX*, — F.4th —, 2025 WL 2396748 at *5. To that end, the Fifth Circuit determined that challenges such as Amazon's fall outside the NLGA's jurisdiction because the challenge (i) is not between employers and employees but between the employer and the NLRB, (ii) the employers are not engaged in the same industry, trade, craft, or occupation, but are distinct companies in unrelated sectors suing a federal agency, and (iii) the removal protections for ALJs and NLRB Board members do not concern terms and conditions of employment. *Id*. at *5.

Thus, the district court committed legal error in determining the NLGA jurisdictionally barred injunctive relief, and Amazon is likely to succeed on the merits of its challenge to that decision.

### B. The District Court Erred in Holding That Amazon Would Not Suffer Irreparable Harm.

The district court also committed legal error in determining Amazon could not establish irreparable harm because it failed to demonstrate a "specific harm" from the unconstitutional structure of the NLRB. (ER-23-25). The Supreme Court

in *Axon Enterprises, Inc. v. Federal Trade Commission*, 598 U.S. 175 (2023),

specifically recognized that there is "harm" in "'being subjected' to

'unconstitutional agency authority'—'a proceeding by an unaccountable

[administrative official]'" *Id*. at 191. Indeed, subjection to an "illegitimate

proceeding before an illegitimate decisionmaker" is "a here-and-now injury"

because "[a] proceeding that has already happened cannot be undone." *Id*. at 191-

92. Thus, the administrative proceeding before the NLRB, which will commence

on September 22 (along with required document production by September 12),

absent a stay, cannot be undone once it begins and Amazon's "structural

constitutional claims would come too late to be meaningful." *Id*.

Moreover, the arguments relied upon by the district court below to deny

Amazon's request for preliminary injunction have been rejected by two other

district courts and have now been rejected by the Fifth Circuit.  In particular, *Space

Expl. Technologies Corp. v. NLRB*, 741 F.Supp.3d 630, 640-41 (W.D. Tex. 2024)

and *Energy Transfer, LP, et al. v. NLRB*, 742 F. Supp. 3d 755, 761(S.D. Tex. July

29, 2024), relied on *Axon* in finding the employers in those cases were subject to

ongoing irreparable harm from action by the NLRB, explaining that "being

subjected to the authority of the unaccountable NLRB Members would . . . cause

irreparable harm." 741 F.Supp.3d at 640 (citing *Axon*). This is because "any

remedy crafted after such a proceeding would be 'too late to be meaningful' as '[a]

11

proceeding that has already happened cannot be undone.'" *Energy Transfer*, 742 F. Supp. 3d at 761 (quoting *Axon*, 598 U.S. at 191).

The Fifth Circuit, in *SpaceX*, affirmed the decision to grant preliminary injunctions halting NLRB proceedings by these two district courts, and rejected the NLRB's argument that Amazon must show a direct injury flowing from the constitutional violations. *SpaceX*, 2025 WL 2396748 at *12-13. In so concluding, the Fifth Circuit said the NLRB misread *Collins* and the decisions surrounding it. *Id*. at *12. Specifically, *Collins* addresses only backward-looking relief where a causal link between the violation and the outcome is required. *Id*. The Fifth Circuit's decision accords with Amazon's argument that *Collins* is inapplicable as Amazon is not challenging past agency conduct but the lawfulness of the administrative proceeding itself. *Id*. at *13. Thus, waiting to remedy the unconstitutional structure until after Amazon is forced to submit to those proceedings would be meaningless. "Once the unconstitutional proceeding begins, the damage is done. That is the essence of irreparability. No further showing—such as how the outcome might differ under a valid structure—is required." *Id*.

Therefore, the district court committed legal error in its finding that Amazon failed to demonstrate irreparable harm, and Amazon is likely to succeed on the merits of its challenge to that decision.

### C.    The Supreme Court's Order in *Wilcox v. Trump* Supports Amazon's Requested Relief.

On June 10, 2025, Defendant National Labor Relations Board submitted a Notice of Supplemental Authority to this Court regarding the Supreme Court's Order in *Trump v. Wilcox* for the proposition that the Order precludes Amazon from demonstrating irreparable harm. (Dkt. 34). To the contrary, the *Wilcox* proceedings confirm the need for a stay in this case because it underscores the constitutional infirmity in the NLRB's removal protections. *SpaceX*, 2025 WL 2396748 at *27 ("[the Supreme Court's] stay order reinforces our conclusion that Board Members' insulation from presidential removal likely violates Article II.")

While the President has been temporarily permitted to remove Board Member Wilcox from her duties, the Supreme Court's decision in *Wilcox* amounts to nothing more than a temporary stay of the proceedings pending the full disposition of the underlying appeal at the D.C. Circuit. The Supreme Court's decision brought no final resolution as to the lawfulness of the President's actions in terminating former Board Member Gwynne Wilcox. Further proceedings in that case may result in Wilcox's reappointment to her prior position as a National Labor Relations Board Member — or some other ruling or remedy we cannot presently know.  Accordingly, a stay is warranted while the same legal issues are addressed by the D.C. Circuit and, ultimately, the United States Supreme Court in *Wilcox*.

13

The district court asserted that this *temporary* decision from Supreme Court prevents Amazon from establishing causal harm under *Collins v. Yellen*, 594 U.S. 220 (2021). As set forth in greater detail in Amazon's briefing, however, the causal harm standard articulated in *Collins* is not applicable in cases where, like here, a party faces the here-and-now injury of being subjected to unconstitutional agency authority in a proceeding by an unaccountable administrative official compared with efforts to retroactively invalidate a past agency action. (Dkt. 30). The Supreme Court's decision in *Wilcox* is far from a final resolution on the President's actions; accordingly, Amazon's request for a stay pending appeal is appropriate to allow resolution of the underlying claims before Amazon is forced to endure an unconstitutional proceeding.

For these reasons, Amazon has demonstrated a substantial case for relief on the merits and has made a strong showing that it is likely to succeed on the merits of its appeal. "Forcing [an employer] to appear before an unconstitutionally structured agency inflicts irreparable harm. *SpaceX*, 2025 WL 2396748 at *34. Thus, Amazon has demonstrated it will be irreparably harmed absent a stay.

## III.    The Balance of Harms and Public Interest Favor a Stay.

Amazon has also demonstrated that it will endure greater harm than any harm Defendants purportedly will suffer if Amazon is subjected to the administrative proceeding before the unconstitutionally structured NLRB and that

14

the public interest favors a stay. *See Nelson v. Nat'l Aeronautics & Space Admin.*,
530 F.3d 865, 873 (9th Cir. 2008), *rev'd on other grounds*, 562 U.S. 134 (2011). In
evaluating these factors, courts in the Ninth Circuit must employ a sliding scale
approach: "The two prongs are not separate tests but rather extremes of a single
continuum, so the greater the relative hardship to the party seeking the preliminary
injunction, the less probability of success must be shown." *Id.* (citations omitted).
When the government is a defendant, as is the case here, the balance of harms and
public interest factors merge. *Nken*, 556 U.S. at 435.

Amazon satisfies the two remaining factors for a stay pending appeal. Both
factors tilt strongly in favor of Amazon because its likelihood of success on the
merits is a strong indicator that a stay would serve the public interest, and a
preliminary injunction would not harm Defendants because the government suffers
no cognizable harm from stopping the perpetuation of unlawful agency action. *See
Baird v. Bonta*, 81 F.4th 1036, 1046, 1048 (9th Cir. 2023) ("In so concluding, we
again stressed that we presume that a constitutional violation causes a preliminary
injunction movant irreparable harm and that preventing a constitutional violation is
in the public interest."); *see also Cuviello v. City of Vallejo*, 944 F.3d 816, 833 (9th
Cir. 2019) ("our cases do not require a strong showing of irreparable harm for
constitutional injuries."). Further, a stay would serve the public interest. *League of
Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016) ("There is

15

generally no public interest in the perpetuation of unlawful agency action"). The public is not served by having officers of the executive branch "slip from the Executive's control, and thus from that of the people." *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.,* 561 U.S. 477, 499 (2010).

Even if the Court grants the stay, but ultimately determines at the conclusion of this appeal that the proceedings are constitutional or that the constitutional defects can be corrected, Defendants could move forward with the administrative hearing at that time with little material effect on the timeline for decision. This is especially true given that the hearing will not conclude until after the new year based on the latest correspondence from the judge overseeing the hearing. A brief stay to give the Supreme Court time to resolve Amazon's underlying constitutional challenges to the NLRB's structure would have no material effect on the date of an ultimate decision in the underlying unfair labor practice proceedings. In contrast, if the stay is denied, Amazon would be forced to proceed and would be deprived of its constitutional rights, which cannot later be undone.

## CONCLUSION

For the foregoing reasons, Amazon respectfully requests that this Court grant Appellant's Second Emergency Motion Under Circuit Rule 27-3 for Stay Pending Appeal. In the alternative, Amazon requests a more limited injunction that would

postpone the hearing for a brief period sufficient to allow the Court to consider the

supplemental briefing the Court has requested.

DATED:  September 5, 2025              Respectfully submitted,

                                      SEYFARTH SHAW LLP


                                      By:  */s/ Kamran Mirrafati*
                                           Brian M. Stolzenbach
                                           bstolzenbach@seyfarth.com
                                           SEYFARTH SHAW LLP
                                           233 S. Wacker Dr., Suite 8000
                                           Chicago, IL 60606
                                           Telephone: (312) 460-5000
                                           Facsimile: (312) 460-7551

17

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6**

**9th Cir. Case Number(s)**: 25-886

The undersigned attorney or self-represented party states the following:

[x]  I am unaware of any related cases currently pending in this court.

[ ]  I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[ ]  I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

**Signature:** */s/ Kamran Mirrafati*          **Date:**  September 5, 2025

A-1

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 15. Certificate of Service for Electronic Filing

**9th Cir. Case Number(s):** 25-886

[x] I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

[ ] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are <u>NOT</u> Registered for Electronic Filing:**

[ ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** (required for all documents)**:**

APPELLANT'S SECOND EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR STAY PENDING APPEAL

**Signature:** */s/ Kamran Mirrafati*                    **Date:** September 5, 2025

A-2